FILED
CLERK OF COURT
JAN 1 2 2022
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>David Sherwin McCraw,<br><br>Debtor. | Bankruptcy Case No. 186-13061- MER,<br><br>Chapter 13 |
| David Sherwin McCraw<br><br>Plaintiff,<br><br>v.<br><br>Select Portfolio Servicing Inc,<br>Shellpoint Mortgage Servicing,<br><br>Defendants. | Adversary Proceeding No. __________, |

# COMPLAINT TO COMPEL TURNOVER OF ESTATE PROPERTY

Brought by David Sherwin McCraw, Plaintiff, Pro Se,

1. This Adversary Proceeding is brought pursuant to Bankruptcy Rule 7001 of Title 11, United States Code. This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. subsection 157(b)(A);(E),(K),(M),&(O)

2. An action arising in a bankruptcy case under title 11. Venue is proper in this court pursuant to 28 U.S.C. sub section 1409(a).

3. David Sherwin McCraw (Debtor) filed a voluntary Chapter 13 bankruptcy petition with this Court 4/13, 2018 and has been a Colorado resident since 2001.

4. All references to statute herein will refer to Federal statute and specifically bankruptcy code under title 11 unless otherwise noted.

5. Debtor surrendered account in question collateralized by property at 9410 Beacon Hill Circle, Dallas Tx. 75217 (the property). Creditor at that time was Select Portfolio Servicing (SPS).

6. 06/22, 2018 SPS filed claim #2 stating the collateral value amount was $0.

7. 06/25, 2018 SPS filed motion for relief of stay stating they were owed $34,003 and estimated value was $65,000 citing a BPO performed 03/3, 2017 even though 02/05, 2018 SPS completed CMA of the property stating the "30 Day As is" value at $85,000 and the "As-is List Price" at $97,000.

8. As of date this complaint is filed the value of collateral is estimated at; $159,100 by Realtor.com, 167,700 by Zillow and 149k-164k by Redfin.

9. SPS stated their reason for requesting relief of stay was to liquidate as "Movant lacks adequate protection of it's collateral.", relief of stay was granted.

10. SPS initiated foreclosure then failed to foreclose despite Debtor's sustained pleas for them to do so citing their duty to other creditors to account for property of the estate with an equity cushion likely to result from liquidation.

11. March 2020 SPS transferred the account to Shellpoint Mortgage Servicing (Shellpoint) it's affiliate company under NEWREZ corporate umbrella.

12. 02/16, 2021 Shellpoint sent a default letter then began foreclosure process.

13. Debtor begged Shellpoint to liquidate for months to no avail.

14. 08/06, 2021 George Dimitriov, Esq. sent a demand letter to Shellpoint on Debtor's behalf demanding they liquidate the property or pay a one time payment to David McCraw's estate and take his name off the loan.

15. 11/12, 2021 Shellpoint took account out of foreclosure process despite it remaining in default according to indenture and (Texas Prop Code 51.0011(a)).

16. Debtor prays this matter be dealt with as self-effectuating product of 542 (*see* In re Cinevision International, Inc.), although anticipates Defendants may seek to overcomplicate the matter as they have with him for many years and so offers this account for clarity at risk of detracting from the simple core issues.

17. Defendants have colluded with third party(s), unauthorized and unknown by Debtor, taking property in and back out of foreclosure many times since 2005 each time adding attorney, late and other fees while advancing amounts for taxes and insurance resulting in default per deed of trust (Attached to SPS's claim). Original note in 1999 was $37,500, in 2018 amount owed was $34,003. At that pace it could take 203 years for note to be paid off at a usury effective rate.

18. A document was recorded in 2005 as a quitclaim deed in violation of Texas Prop code 12.001(b) despite not being correct on face or notarized.

19. Debtor's security interest was not transferred by that recording or by any other means (Tex. Bus. & Com. Code §9.315) and Debtor still holds equitable title if that were at issue.

20. Debtor is only borrower on note and deed of trust and has never agreed to subrogation of his position nor authorized any third party to communicate with SPS/ Shellpoint on the account other than his counsel in his Chapter 13 case.

21. Defendants have never subordinated their note to the financing of a third party but have somehow given unauthorized third party(s) all the rights of borrower and more rights than indenture initially granted rightful borrower.

22. Debtor has not occupied or seen the property since 2001 and has offered evidence third party(s) use it as rental property as SPS/ Shellpoint frequently use owner occupancy as reason not to foreclose.

23. No third party(s) interest, if any, in the collateral property would be at risk because of requested relief, account has been continually in default from 2006 until the date of this complaint.

24. Debtor has had extensive communication over the years with the SPS ombudsman team then the Shellpoint bankruptcy department when Debtor has maintained;

24.1. the document in question was recorded as "quitclaim deed", if properly worded to convey anything, which it was not, would not have conveyed equity interest in security instrument because note was never subordinated or subrogated in wrap deed or the like and

24.2. quitclaims in general do not convey title but rather a "chance at title" (Texas Prop Code §5.086) though disposition of legal title not actually pertinent to servicer's ability to foreclose or Debtor's (i.e the estate's) equity position in security instrument and

24.3. even if a third party were somehow successor in indenture, which they are not, nothing prevents SPS and Shellpoint from foreclosing to satisfy the lien given the account is in perpetual default and

24.4. the deed of trust only grants the named borrower (i.e. the estate) warranty deed at payoff or any returns of overpayment on the account and

24.5. SPS specifically asked for relief of stay for the right to liquidate due to lack of adequate protection, not to transfer to an affiliate servicer keeping the account open and available to third party(s) so,

SPS then Shellpoint's election to allow unauthorized third party(s) to control account has been in error for many years and since the filing of Debtor's Chapter

13 case knowing and willful actions to hinder, dely and defraud other creditors of Debtor's estate.

25. In the thousands of conversations Debtor has had with SPS and Shellpoint asserting the points above the servicers consistently maintain nothing compels them to liquidate the property and it is within their sole discretion to;

25.1. accept payments on the account from anyone regardless of authorization, or lack of it, from Debtor or this Court even while subject to stay and

25.2. adjudicate legal documents presented by third parties unilaterally assigning rights in security instrument to third party(s) without notice to Debtor or regard for his repeated request they review those documents which they already know, or should know, are all invalid on face and

25.3. conceal existence and content of documents for many years that they have relied on when asked by Debtor to disclose reasoning of their decisions and actions, once discovered only by vigilant monitoring by Debtor, to be told they will not provide documentation provided to them by third party(s) without court order and

25.4. then after finding the documents were forged and those third party(s) apparently involved in various felonious activities SPS and Shellpoint continue to rely on those documents as if correct allowing account access to those third party(s) knowingly aiding and abetting them in their ongoing attempt at civil theft of the property while SPS/ Shellpoint continue extortion of Debtor raising note amount.

25.5. hold open the proposition that if Debtor does not ensure timely payments or payoff note while they continue adding to note and falsely assign rights in note to third party(s) then they will continue to ruin Debtor's credit keeping note open and in default indefinitely and

25.6. simultaneously refuse to safeguard account from third party(s) they know to be engaged in felonious activity unless borrower take "legal action" or furnish "police report" while withholding any documentation or personal identifiers of those third party(s) Debtor might use bringing their required "legal action" or accept that the only legal authority with jurisdiction of these offenses is the FBI who does not furnish "reports" to the public (regardless defendants are still responsible for account security).

25.7. extend credit beyond that allowed under the note and deed of trust or by this Court creating large escrow shortages and allowing severely delinquent payments while continually adding fees and

25.8. assert and defend third party(s) supposed rights and security interests as a loyal agent or fiduciary would without any legal basis for doing so and

25.9. create the appearance the note is current by allowing payments to be disbursed first to principal and last to escrow shortages resulting in interest only payments while servicer advances insurance premium and tax payments to swell large escrow account (The deed of trust states funds are to be disbursed first to escrow shortages and last to principal and any escrow balance is default, See Attachments; payment history "Exhibit 1" and Escrow Statement "Exhibit 2") and

25.10. perpetually threaten to foreclose for escrow amounts for taxes and insurance and delinquent payments to rack up fees added to note then drop foreclosures for no apparent reason, as the note remains in default, then soon after start the process all over again.

26. Defendants have employed various tactics colluding with third party(s) in ongoing efforts (incorporating 1-25 herein) to harm Debtor and estate by

26.1. Fraud and Fraudulent Concealment:

26.1.1. 18-1028(7) fraudulent activity in connection with identification information;

26.1.1.1. 18-1343 electronically and

26.1.1.2. 18-1952(a)(3) by mail

26.1.2. Bankruptcy fraud;

26.1.2.1. 18-157(2) submitting documents misrepresenting the value of estate property and (3) making false representation that relief of stay was requested with intention to liquidate property and

26.1.2.2. 18-152(1) concealing property of the estate and (6) knowingly and fraudulently receiving and giving money and property for acting and forbearing to act in this case.

26.2. Extortion:

26.2.1. 18-894(a) threatening to indefinitely ruin Debtor's financial viability if he does not pay off note on house that creditor is also doing everything possible to unlawfully give to third party(s) and

26.2.2. 18-892 as repayment of their extensions of credit (fees added to account) are unenforceable through civil judicial process.

26.3. Engaging in monetary transactions from unlawful activity, 18-1957, knowingly taking monies derived from fraudulent transfer of property.

26.4. Money Laundering, 18-1956 and avoidable transfers, 550, 544 & 502.

26.5. Intentional infliction of emotional distress.

26.6. Unjust enrichment.

26.7. Breach of duty of good faith and denial of Debtor's "fresh start".

these offenses collectively present as elements of an overall "scheme" per 18-1341 violating 18-1962 and also include many violations of bankruptcy code and rules.

27. Since defendants have gone to great lengths avoiding foreclosure of the property favoring adding to the note amount indefinitely and

27.1. them foreclosing would not account to the estate for the "fair equivalent value" required by their avoidable transfers per 549 & 544 and

27.2. 542 and 550 provide for the accounting and recovery (respectively) of the "value of such property" and

27.3. "The trustee may seek turnover under section 542 instead of recovery of the property transferred under section 550(a), because the automatic preservation of section 551 had already rendered the entire property as property of the estate. Dunes Hotel Assocs. v. Hyatt Corp., 245 B.R. 492 (D.S.C. 2000)" *Richard Levin, Compilation of Recent Developments in Bankruptcy Law October 2021,12.2.i* and

27.4. The Ninth Circuit Bankruptcy Appellate Panel *In re Cinevision International, Inc.* "It has long been the determination of this panel that the turnover provisions of the Bankruptcy Code are to be self-effectuating"

27.5. 19-357 Chicago v. Fulton (1/14/2014) Supreme Court Opinion (decided January 14, 2021) "§542(a) works within the bankruptcy process to draw far-flung estate property back into the hands of the debtor or trustee" JUSTICE Alito J.

27.6. 549 and 550 do not authorize and 502(d) disallows setoff to Defendants despite earlier payments to the estate see Aalfs v. Wirum (In re Straightline Invs., Inc.), 525 F.3d 870 (9th Cir. 2008) and

27.7. since the Defendants' refusal to account for property has already hindered and delayed payment to unsecured creditors of the estate for three and a half years it would be unreasonable to make them wait even longer for a potential sale the Defendant's apparently don't want to perform and would not likely net required amounts for requested relief.

Debtor humbly asserts requested relief in this unusual matter is the most efficient and equitable remedy for all interested parties netting highest return to Debtor's estate and

prays the Court consider 105(a) in fashioning appropriate relief ordering the following and or any other relief the Court deems just:

1. an injunction preventing further avoidable transfers and use of Debtor's personal identifiers on account held by Defendants.
2. set aside relief of stay for SPS and Shellpoint and
3. set aside Debtor's surrender of the property and
4. SPS/ Shellpoint claim be disallowed per 502(d) and
5. SPS/ Shellpoint pay "present fair equivalent value" "of such property" to Debtor's estate without setoff per 549, 550 & 542 and
6. SPS/ Shellpoint entirely disassociate Debtor and his personal identifiers from any ongoing account associated with the property.

Alternatively Debtor prays the Court order;

1. same relief requested in items 1-3 initially requested and
2. allow Trustee in Debtor's Chapter 13 case subrogate SPS/ Shellpoint's claim avoiding transfer per 544 and
3. allow Trustee sell the property at fair market value and
4. allow Trustee payment for services and expenses through proceeds and
5. allow Trustee to disburse funds to creditors of the estate without setoff to Shellpoint.

Alternatively Debtor prays the Court order;

1. same relief requested in items 1-3 & 5 in primary request above and
2. SPS/ Shellpoint to pay liquidation value to Debtor's estate relying solely on 542 (if burden of 549 or 544 not met) and
3. allow Debtor to pay proceeds to the estate without setoff to Shellpoint

Alternatively Debtor prays the Court order;

1. same relief requested in primary request above items 1-4 and
2. allow Debtor to sell under 363(f)(4&5) and
3. allow Debtor pay proceeds to the estate without setoff to Shellpoint

Debtor does not anticipate much if any factual debate, this matter is well documented, based on evidence, applicable bankruptcy, non bankruptcy and case law Debtor feels likely to prevail in any potential proceedings required for any and all requested relief.

In addition to the relief requested Debtor prays the Court consider imposing compensatory, punitive and treble damages on Defendants per 18-1964, *see* McGinnis v American Home Mortgage.

After well over a decade of Debtor begging SPS to stop the punishment in late 2017 Debtor told head of ombudsman department Allison Luna despite Debtor's otherwise spotless credit history normally easily allowing consolidation of his relatively small debt SPS's election to allow the account to remain in perpetual default for over a decade while reporting on Debtor's credit as such causes Debtor's deprivation of credit and ability to earn, severe decline in his quality of life and sustained emotional distress and would likely also result in Debtor having to seek bankruptcy protection if they would not relent allowing Debtor a fresh start otherwise by either transferring the loan to a third party if they felt so entitled and take Debtor off loan or follow through with any of their frequent and costly threats of foreclosure.

SPS's response was to be their final word on the matter handed down by the chief compliance officer Jeff Graham (by proxy) was that the third party(s) have the right to use the account, SPS has a duty to protect those rights and the right to service the account on their behalf without Debtor's authorization, any resulting harm to Debtor is of no concern to them and their intention will be to perpetuate the loan imposing fees at will and reporting negatively on Debtor's credit report indefinitely and that nothing could stop them although he would not comment on allegations of their illegal actions and inactions in aid of this policy or communicate with Debtor directly at all.

Since Debtor's Chapter 13 filing the same policy has stood with SPS then Shellpoint adding willful defiance of new limitations bankruptcy imposes on their continuing degradation of Debtor intentionally causing credit deprivation and emotional distress for 17 years and for the last 3&1/2 years denial of estate's other creditors their due.

Date: 1/12/2022

Filed By: ______________________
*Signature of Movant/Debtor*

Printed Name: David McCraw
Mailing Address: 637 Newton Street
Denver, CO 80204
Telephone number: 303-437-8887
Email: squarebizkit@gmail.com



Loan Number

Exhibit 1 page 1

Request Payment Assistance

Menu

Filter

Transaction Start Date 01/11/2022 End Date 01/11/2022

Reset Apply

Hide Columns

| Transaction Date | Transaction Amount | Due Date | Description | Principal Amount | Interest Amount | Escrow Amount | Late Charge Amount | Principal Balance | Escrow Balance |
|---|---|---|---|---|---|---|---|---|---|
| 1/4/22 | -$180.31 | 12/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$180.31 | $00.00 | $10,731.56 | -$4,165.22 |
| 12/15/21 | $600.00 | 1/1/22 | Principal Only Payment | $600.00 | $00.00 | $00.00 | $00.00 | $10,731.56 | -$3,984.91 |
| 12/1/21 | -$177.83 | 11/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$177.83 | $00.00 | $11,331.56 | -$3,984.91 |
| 11/10/21 | $600.00 | 1/1/22 | Principal Only Payment | $600.00 | $00.00 | $00.00 | $00.00 | $11,331.56 | -$3,807.08 |
| 11/2/21 | $959.88 | 1/1/22 | Regular Payment | $178.50 | $139.73 | $641.65 | $00.00 | $15,240.15 | -$3,807.08 |
| 11/2/21 | $3,308.59 | 2/1/22 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $15,240.15 | -$3,807.08 |
| 11/2/21 | -$3,308.59 | 2/1/22 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $15,240.15 | -$3,807.08 |
| 11/2/21 | $3,308.59 | 1/1/22 | Principal Only Payment | $3,308.59 | $00.00 | $00.00 | $00.00 | $11,931.56 | -$3,807.08 |
| 11/1/21 | -$180.31 | 10/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$180.31 | $00.00 | $15,418.65 | -$4,448.73 |
| 10/18/21 | $959.88 | 12/1/21 | Regular Payment | $163.16 | $155.07 | $641.65 | $00.00 | $16,947.80 | -$4,268.42 |
| 10/18/21 | $2,940.12 | 1/1/22 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $16,947.80 | -$4,268.42 |




Loan Number

Exhibit 1 page 2

Request Payment Assistance

Menu

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10/18/21 | -$265.00 | 1/1/22 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $16,947.80 | -$4,268.42 |
| 10/18/21 | -$120.00 | 1/1/22 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $16,947.80 | -$4,268.42 |
| 10/18/21 | -$1,529.15 | 1/1/22 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $16,947.80 | -$4,268.42 |
| 10/18/21 | -$12.74 | 1/1/22 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $16,947.80 | -$4,268.42 |
| 10/18/21 | -$79.55 | 1/1/22 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $16,947.80 | -$4,268.42 |
| 10/18/21 | $79.55 | 1/1/22 | Late Charge Payment | $00.00 | $00.00 | $00.00 | $79.55 | $16,947.80 | -$4,268.42 |
| 10/18/21 | $12.74 | 1/1/22 | Other Fee Payment | $00.00 | $00.00 | $00.00 | $00.00 | $16,947.80 | -$4,268.42 |
| 10/18/21 | $1,529.15 | 12/1/21 | Principal Only Payment | $1,529.15 | $00.00 | $00.00 | $00.00 | $15,418.65 | -$4,268.42 |
| 10/18/21 | $120.00 | 1/1/22 | Other Fee Payment | $00.00 | $00.00 | $00.00 | $00.00 | $15,418.65 | -$4,268.42 |
| 10/18/21 | $265.00 | 1/1/22 | Other Fee Payment | $00.00 | $00.00 | $00.00 | $00.00 | $15,418.65 | -$4,268.42 |
| 10/18/21 | $595.00 | 1/1/22 | Legal Fee Payment | $00.00 | $00.00 | $00.00 | $00.00 | $15,418.65 | -$4,268.42 |
| 10/18/21 | $338.68 | 1/1/22 | Legal Fee Payment | $00.00 | $00.00 | $00.00 | $00.00 | $15,418.65 | -$4,268.42 |
| 10/15/21 | $4,000.00 | 3/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$10,684.92 |
| 10/15/21 | $959.88 | 3/1/21 | Regular Payment | $150.44 | $167.79 | $641.65 | $00.00 | $18,364.60 | -$10,043.27 |
| 10/15/21 | $959.88 | 4/1/21 | Regular Payment | $151.80 | $166.43 | $641.65 | $00.00 | $18,212.80 | -$9,401.62 |
| 10/15/21 | $959.88 | 5/1/21 | Regular Payment | $153.18 | $165.05 | $641.65 | $00.00 | $18,059.62 | -$8,759.97 |
| 10/15/21 | $959.88 | 6/1/21 | Regular Payment | $154.56 | $163.67 | $641.65 | $00.00 | $17,905.06 | -$8,118.32 |

Exhibit 1 page 3

Loan Number

Request Payment Assistance

Menu

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10/15/21 | $959.88 | 9/1/21 | Regular Payment | $158.81 | $159.42 | $641.65 | $00.00 | $17,432.90 | -$6,193.37 |
| 10/15/21 | $959.88 | 10/1/21 | Regular Payment | $160.24 | $157.99 | $641.65 | $00.00 | $17,272.66 | -$5,551.72 |
| 10/15/21 | -$7,679.04 | 11/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $17,272.66 | -$5,551.72 |
| 10/15/21 | $959.88 | 11/1/21 | Regular Payment | $161.70 | $156.53 | $641.65 | $00.00 | $17,110.96 | -$4,910.07 |
| 10/15/21 | -$959.88 | 12/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $17,110.96 | -$4,910.07 |
| 10/15/21 | -$341.32 | 12/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $17,110.96 | -$4,910.07 |
| 10/15/21 | $341.32 | 12/1/21 | Legal Fee Payment | $00.00 | $00.00 | $00.00 | $00.00 | $17,110.96 | -$4,910.07 |
| 10/8/21 | -$15.00 | 3/1/21 | Other Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$10,684.92 |
| 9/30/21 | -$177.83 | 9/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$177.83 | $00.00 | $18,515.04 | -$10,684.92 |
| 9/22/21 | $4,400.00 | 3/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$10,507.09 |
| 9/1/21 | -$15.00 | 3/1/21 | Other Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$10,326.78 |
| 9/1/21 | -$180.31 | 8/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$180.31 | $00.00 | $18,515.04 | -$10,507.09 |
| 8/24/21 | -$15.00 | 3/1/21 | Other Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$10,326.78 |
| 8/3/21 | -$180.31 | 7/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$180.31 | $00.00 | $18,515.04 | -$10,326.78 |
| 7/19/21 | -$12.74 | 3/1/21 | Other Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$10,146.47 |
| 7/19/21 | -$170.00 | 3/1/21 | Legal Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$10,146.47 |

Exhibit 1 page 4

Loan Number

Payment Assistance

Menu

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 7/8/21 | $15.91 | 3/1/21 | Late Charge Waive | $00.00 | $00.00 | $00.00 | $15.91 | $18,515.04 | -$10,146.47 |
| 7/7/21 | -$265.00 | 3/1/21 | Other Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$10,146.47 |
| 6/30/21 | -$15.00 | 3/1/21 | Other Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$9,968.64 |
| 6/30/21 | -$177.83 | 6/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$177.83 | $00.00 | $18,515.04 | -$10,146.47 |
| 6/28/21 | -$510.00 | 3/1/21 | Legal Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$9,968.64 |
| 6/17/21 | -$15.91 | 6/1/21 | Late Charge Assess | $00.00 | $00.00 | $00.00 | -$15.91 | $18,515.04 | -$9,968.64 |
| 6/8/21 | -$15.00 | 3/1/21 | Other Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$9,968.64 |
| 6/2/21 | -$180.31 | 5/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$180.31 | $00.00 | $18,515.04 | -$9,968.64 |
| 5/17/21 | -$15.91 | 5/1/21 | Late Charge Assess | $00.00 | $00.00 | $00.00 | -$15.91 | $18,515.04 | -$9,788.33 |
| 5/4/21 | -$15.00 | 3/1/21 | Other Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$9,788.33 |
| 4/30/21 | -$177.83 | 4/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$177.83 | $00.00 | $18,515.04 | -$9,788.33 |
| 4/21/21 | -$15.00 | 3/1/21 | Other Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,515.04 | -$9,610.50 |
| 4/17/21 | -$15.91 | 4/1/21 | Late Charge Assess | $00.00 | $00.00 | $00.00 | -$15.91 | $18,515.04 | -$9,610.50 |
| 4/9/21 | $300.00 | 2/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,664.13 | -$10,252.15 |
| 4/9/21 | -$959.88 | 2/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,664.13 | -$10,252.15 |
| 4/9/21 | $959.88 | 2/1/21 | Regular Payment | $149.09 | $169.14 | $641.65 | $00.00 | $18,515.04 | -$9,610.50 |



Exhibit 1 page 5

Loan Number

Menu

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Payment | | | | | | |
| 3/17/21 | -$15.91 | 3/1/21 | Late Charge Assess | $00.00 | $00.00 | $00.00 | -$15.91 | $18,664.13 | -$10,071.84 |
| 3/9/21 | $300.00 | 2/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,664.13 | -$10,071.84 |
| 3/3/21 | -$165.97 | 2/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$165.97 | $00.00 | $18,664.13 | -$10,071.84 |
| 2/24/21 | $300.00 | 1/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,811.88 | -$10,547.52 |
| 2/24/21 | -$959.88 | 1/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,811.88 | -$10,547.52 |
| 2/24/21 | $959.88 | 1/1/21 | Regular Payment | $147.75 | $170.48 | $641.65 | $00.00 | $18,664.13 | -$9,905.87 |
| 2/22/21 | -$15.00 | 1/1/21 | Other Fees Disb | $00.00 | $00.00 | $00.00 | $00.00 | $18,811.88 | -$10,547.52 |
| 2/17/21 | -$15.91 | 2/1/21 | Late Charge Assess | $00.00 | $00.00 | $00.00 | -$15.91 | $18,811.88 | -$10,547.52 |
| 2/9/21 | $300.00 | 1/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,811.88 | -$10,547.52 |
| 2/1/21 | -$180.31 | 1/7/21 | Insurance Premium Disbursement | $00.00 | $00.00 | -$180.31 | $00.00 | $18,811.88 | -$10,547.52 |
| 1/26/21 | $300.00 | 1/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,811.88 | -$10,367.21 |
| 1/17/21 | -$15.91 | 1/1/21 | Late Charge Assess | $00.00 | $00.00 | $00.00 | -$15.91 | $18,811.88 | -$10,367.21 |
| 1/11/21 | $300.00 | 1/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,811.88 | -$10,367.21 |
| 1/5/21 | -$180.31 | 12/7/20 | Insurance Premium Disbursement | $00.00 | $00.00 | -$180.31 | $00.00 | $18,811.88 | -$10,367.21 |
| 12/24/20 | $300.00 | 12/1/20 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $19,094.75 | -$10,315.07 |
| 12/24/20 | -$446.40 | 12/1/20 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $19,094.75 | -$10,315.07 |



Exhibit 1 page 6

Loan Number

Request Payment Assistance

Menu

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 12/24/20 | -$15.91 | 1/1/21 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $18,949.57 | -$10,186.90 |
| 12/24/20 | $15.91 | 1/1/21 | Late Charge Payment | $00.00 | $00.00 | $00.00 | $15.91 | $18,949.57 | -$10,186.90 |
| 12/24/20 | $137.69 | 12/1/20 | Principal Only Payment | $137.69 | $00.00 | $00.00 | $00.00 | $18,811.88 | -$10,186.90 |
| 12/17/20 | -$15.91 | 12/1/20 | Late Charge Assess | $00.00 | $00.00 | $00.00 | -$15.91 | $19,094.75 | -$10,315.07 |
| 12/9/20 | -$3,280.67 | 12/31/20 | Tax Bill 1 Disbursement | $00.00 | $00.00 | -$3,280.67 | $00.00 | $19,094.75 | -$10,315.07 |
| 12/9/20 | $300.00 | 12/1/20 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $19,094.75 | -$10,315.07 |
| 12/1/20 | -$177.83 | 11/7/20 | Insurance Premium Disbursement | $00.00 | $00.00 | -$177.83 | $00.00 | $19,094.75 | -$7,034.40 |
| 11/24/20 | $300.00 | 11/1/20 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $19,375.08 | -$6,984.74 |
| 11/24/20 | -$446.40 | 11/1/20 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $19,375.08 | -$6,984.74 |
| 11/24/20 | $446.40 | 11/1/20 | Regular Payment | $142.64 | $175.59 | $128.17 | $00.00 | $19,232.44 | -$6,856.57 |
| 11/24/20 | -$137.69 | 12/1/20 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $19,232.44 | -$6,856.57 |
| 11/24/20 | -$15.91 | 12/1/20 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $19,232.44 | -$6,856.57 |
| 11/24/20 | $15.91 | 12/1/20 | Late Charge Payment | $00.00 | $00.00 | $00.00 | $15.91 | $19,232.44 | -$6,856.57 |
| 11/24/20 | $137.69 | 11/1/20 | Principal Only Payment | $137.69 | $00.00 | $00.00 | $00.00 | $19,094.75 | -$6,856.57 |
| 11/17/20 | -$15.91 | 11/1/20 | Late Charge Assess | $00.00 | $00.00 | $00.00 | -$15.91 | $19,375.08 | -$5,487.59 |
| 11/17/20 | -$1,497.15 | 12/31/19 | Tax Bill 1 Disbursement | $00.00 | $00.00 | -$1,497.15 | $00.00 | $19,375.08 | -$6,984.74 |
| 11/10/20 | $300.00 | 11/1/20 | Unapplied Payment | $00.00 | $00.00 | $00.00 | $00.00 | $19,375.08 | -$5,487.59 |



Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603
800-365-7107

Final

Analysis Date: November 18, 2021
Loan:

9752003102 PRESORT PBPS007 <B>

DAVID MCCRAW
637 NEWTON ST
DENVER CO 80204-3026

Property Address:
9410 BEACON HILL CIRCLE
DALLAS, TX 75217

Exhibit 2

## Annual Escrow Account Disclosure Statement Account History

The following is an overview of your escrow account with Shellpoint Mortgage Servicing. It contains the history of escrow payments made on your behalf in the prior year, and a snapshot of the anticipated disbursements for the coming year. Any potential adjustments due to increases or decreases with your escrow items may affect your monthly escrow payment. If your escrow payment increases, your monthly payment will also increase. If the escrow payment decreases, your mortgage payment will decrease.

| Payment Information | Contractual | Effective Feb 01, 2022 |
|---|---|---|
| P & I Pmt: | $318.23 | $318.23 |
| Escrow Pmt: | $641.65 | $823.99 |
| Other Funds Pmt: | $0.00 | $0.00 |
| Asst.Pmt (-): | $0.00 | $0.00 |
| Reserve Acct Pmt: | $0.00 | $0.00 |
| Total Payment: | $959.88 | $1,142.22 |

| Prior Esc Pmt | January 01, 2021 |
|---|---|
| P & I Pmt: | $318.23 |
| Escrow Pmt: | $641.65 |
| Other Funds Pmt: | $0.00 |
| Asst.Pmt (-): | $0.00 |
| Reserve Acct Pmt: | $0.00 |
| Total Payment: | $959.88 |

| Escrow Balance Calculation | |
|---|---|
| Due Date: | February 01, 2022 |
| Escrow Balance: | -$3,807.08 |
| Anticipated Pmts to Escrow: | $0.00 |
| Anticipated Pmts from Escrow (-): | $3,829.61 |
| Anticipated Escrow Balance: | -$7,636.69 |

| Shortage/Overage Information: | Effective Feb 01, 2022 |
|---|---|
| Upcoming Total Annual Bills: | $5,476.43 |
| Required Cushion: | $912.74 |
| Required Starting Balance: | $1,186.12 |
| Escrow Shortage: | -$8,822.81 |
| Surplus: | $0.00 |

**Cushion Calculation:** Because Shellpoint Mortgage Servicing does not set your tax amounts or insurance premiums, your escrow balance contains a cushion of $912.74. A cushion is an additional amount of funds held in your escrow in order to prevent the balance from becoming overdrawn when an increase in the disbursement amount occurs. Your lowest monthly balance should not be below $912.74 or 1/6 of the anticipated payment from the account.

This is a statement of actual activity in your escrow account from Jan 2021 to Jan 2022. Last year's anticipated activity (payments to and from your escrow account) is next to the actual activity.

| Date | Payments to Escrow Anticipated | Actual | Payments From Escrow Anticipated | Actual | | Description | Escrow Balance Required | Actual |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Starting Balance | $907.39 | -$10,186.90 |
| Jan 2021 | $453.70 | | $180.31 | $180.31 | * | Lender Placed Hazard | $1,180.78 | -$10,367.21 |
| Feb 2021 | $453.70 | $641.65 | $180.31 | $180.31 | * | Lender Placed Hazard | $1,454.17 | -$9,905.87 |
| Mar 2021 | $453.70 | | $180.31 | $165.97 | * | Lender Placed Hazard | $1,727.56 | -$10,071.84 |
| Mar 2021 | | | | $180.31 | * | Lender Placed Hazard | $1,727.56 | -$10,252.15 |
| Apr 2021 | $453.70 | $641.65 | $180.31 | $177.83 | * | Lender Placed Hazard | $2,000.95 | -$9,788.33 |
| May 2021 | $453.70 | | $180.31 | | * | Lender Placed Hazard | $2,274.34 | -$9,788.33 |
| Jun 2021 | $453.70 | | $180.31 | $180.31 | * | Lender Placed Hazard | $2,547.73 | -$9,968.64 |
| Jun 2021 | | | | $177.83 | * | Lender Placed Hazard | $2,547.73 | -$10,146.47 |
| Jul 2021 | $453.70 | | $180.31 | | * | Lender Placed Hazard | $2,821.12 | -$10,146.47 |
| Aug 2021 | $453.70 | | $180.31 | $180.31 | * | Lender Placed Hazard | $3,094.51 | -$10,326.78 |
| Sep 2021 | $453.70 | | $180.31 | $180.31 | * | Lender Placed Hazard | $3,367.90 | -$10,507.09 |
| Sep 2021 | | | | $177.83 | * | Lender Placed Hazard | $3,367.90 | -$10,684.92 |
| Oct 2021 | $453.70 | $6,416.50 | $180.31 | | * | Lender Placed Hazard | $3,641.29 | -$4,268.42 |
| Nov 2021 | $453.70 | $641.65 | $180.31 | $180.31 | * | Lender Placed Hazard | $3,914.68 | -$3,807.08 |
| Dec 2021 | $453.70 | | $180.31 | | * | Lender Placed Hazard | $4,188.07 | -$3,807.08 |
| Dec 2021 | | | $3,280.67 | | * | County Tax | $907.40 | -$3,807.08 |
| | | | | | | Anticipated Transactions | $907.40 | -$3,807.08 |
| Nov 2021 | | P | | $182.98 | | Lender Placed Hazard | $907.40 | -$3,990.06 |
| Dec 2021 | | P | | $182.98 | | Lender Placed Hazard | $907.40 | -$4,173.04 |

Continued

B1040 (FORM 1040) (12/15)

FILED
CLERK OF COURT
JAN 12 2022
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** David Sherwin McCraw | **DEFENDANTS** Select Portfolio Servicing Inc., Shellpoint Mortgage Servicing |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) David Sherwin McCraw, Pro Se | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Creditor controls property of Debtor's estate they refuse to account for concerning these Federal Statutes: 11-542, 550, 551, 544, 502 & 363; 18-1962, 1964, 1028, 1343, 1952, 157, 152, 894, 892, 1957, 1956 & 1341

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [1] 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [3] 71-Injunctive relief – imposition of stay
- [4] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $160,000 and damages as Court sees fit |

Other Relief Sought
The "other" relief sought related to recovery is the additional consideration of 550, 551, 544 & 502 and "other" injunctive relief sought would stop illegal activity on account concerning estate property.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>David Sherwin McCraw | BANKRUPTCY CASE NO.<br>186-13061-MER | |
| DISTRICT IN WHICH CASE IS PENDING<br>Colorado | DIVISION OFFICE<br>Denver | NAME OF JUDGE<br>Michael E. Romero |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>January 12, 2002 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David Sherwin McCraw | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.